UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALI IRANZAD<br>　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:22-CV-02194-E |
| PAUL TRANSPORTATION, INC., &<br>WAYNE SWENSON | §<br>§<br>§ | |
| 　Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Ali Iranzad (hereinafter "Plaintiff"), complaining of and against defendants herein, and would respectfully show unto the Court as follows:

### INTRODUCTION

1. This case arises from a motor vehicle incident in which, Plaintiff, driving a sedan on the highway, hit a tarp that had blown off of Defendant Swenson's tractor trailer while driving on the highway. The tarp became entangled in the mechanical parts under Plaintiff's vehicle causing the car to violently jerk and shake. The motion of the vehicle caused injury to Plaintiff's person. Plaintiff originally filed a petition in Texas state court on August 30, 2022. Defendant removed the cause to this Court on October 3, 2022, based on diversity jurisdiction under 28 U.S.C. § 1332.

**FACTUAL ALLEGATIONS**

On or about September 5, 2020, in Dallas County, Texas, Plaintiff, Ali Iranzad, was driving West bound on IH-30 in the far-right lane in his sedan. Defendant Swenson was driving a 2016 Kenworth cab pulling an attached 2018 Fontaine Trailer (hereinafter sometimes referred to as the "18-wheeler") traveling West Bound in the left center lane, in front of the Plaintiff. Defendants failed to secure the load on the 18-wheeler which caused a black tarp to fly off the trailer. The tarp struck Plaintiff's vehicle causing severe damage to the front and underneath the vehicle. The tarp covered the front windshield and got stuck in the tires, causing the vehicle to violently jerk and lose control.

Defendants, Paul Transportation Inc., and Wayne Swenson, failed to tie down and secure the tarp, acted recklessly, failed to act reasonably, prudently, and in a safe manner. Defendant Paul Transportation owned and operated the 18-wheeler and negligently entrusted the 18-wheeler to Swensen. Paul failed to properly train Swensen which was a cause of the injuries to Plaintiff.

As a result of the defendant's negligent conduct, plaintiff suffered severe personal injuries and property damage. It was the defendant's negligence and negligence per se, which was the proximate cause of plaintiffs' personal injuries and damages.

**CLAIMS FOR RELIEF**

A.   *NEGLIGENCE*

Defendant's conduct described above was the proximate cause of Plaintiff's personal injuries in that Defendant's acts or omissions constituted negligence, negligence per se, gross negligence, and/or malice in following acts of negligence, to wit:

    a.  failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

   b. failing to secure cargo and loose materials in violation of Texas Transportation Code § 725.021 and 49 CFR 393.100 et seq.;

   c. failing to use due care to secure cargo and loose materials in/on the tractor-trailer;

   c. operating the vehicle in a reckless and unsafe manner.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

### B. RESPONDEAT SUPERIOR

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

At the time of the occurrence in question and immediately prior thereto, Defendant Swenson was acting within the course and scope of said Defendant's employment/agency with Defendant Paul Transportation.

Plaintiff alleges that Defendant Paul Transportation is vicariously liable for the acts of Defendant Swenson under the theory of Respondeat Superior.

### C. PRINCIPAL/AGENT RELATIONSHIP BETWEEN DEFENDANTS

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

At the time of the motor vehicle incident at issue, Defendant Swenson was acting within the course and scope of an agency. Defendant Swenson was acting as agent for Defendant Paul Transportation

As such, Defendant Paul Transportation is vicariously liable for the acts of Defendant Swenson, which caused damages to Plaintiff. See American National Insurance v. Denke, 95 S.W.2d 370, 373 (Tex. 1936).

### D. JOINT ENTERPRISE BETWEEN DEFENDANTS

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

Defendants Swenson and Paul Transportation were engaged in a joint enterprise.

At the time of the motor vehicle incident made the basis of this lawsuit, Defendant Swenson was acting within the course and scope of such joint enterprise.

Further, Defendant Swenson was acting in the furtherance of such joint enterprise at the time of the motor vehicle incident at issue.

Defendant Swenson was engaged in accomplishing a task within the scope of the joint enterprise at the time of the motor vehicle incident at issue.

Thus, Defendants Swenson and Paul Transportation are jointly and severally liable for the damages to Plaintiff.

### E. NEGLIGENCE PER SE

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

Defendant Swenson's failure to secure cargo and loose materials amounts to violations of Texas Transportation Code § 725.021 and 49 CFR 393.100 et seq. Texas Transportation Code § 725.021 states that a commercial vehicle "shall be equipped and maintained as required by this section to prevent loose material from escaping by blowing or spilling." Similarly, 49 CFR 393.100(b) states, "Each commercial motor vehicle must, when transporting cargo on public roads, be loaded and equipped, and the cargo secured, in accordance with this subpart to prevent the cargo from leaking, spilling, blowing or falling from the motor vehicle." The statutes are specifically designed to protect other motorists, like Plaintiff, from collisions and injuries like those suffered

in this incident. Defendant's violations of the statutes were without legal excuse. Plaintiff's damages were proximately caused by Defendant's violations of the statutes.

### F. NEGLIGENT ENTRUSTMENT

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

Defendant Paul Transportation negligently entrusted its vehicle to Defendant Swenson. Defendant Swenson was an incompetent driver and Defendant Paul Transportation knew or should have known of his incompetence. Defendant Swenson failed to secure cargo and loose materials in/on Defendant Paul Transportation's vehicle before operating the vehicle. Defendant Swenson's negligence directly and proximately caused the incident at issue in this suit which caused Plaintiff to suffer personal injuries.

### G. NEGLIGENCE, NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

Defendant Paul Transportation was negligent in hiring, training, retaining, and supervising their employees, Defendant Swenson. Defendant Paul Transportation failed to provide adequate training on how to properly and safely secure cargo and tarps to open-bed trailers that its employee was pulling. Such negligent practices were a proximate cause of the incident made the basis of this suit and Plaintiff's damages.

Defendant Paul Transportation through its actions and/or omissions, fell below the standard of care for a business owner and constituted negligence in one or more of the following particulars:

1. Failing to hire qualified drivers;
2. Failing to property train Defendant Swenson on securing loads, cargo, and loose material; and

3. Failing to supervise Defendant Swenson's actions while on the clock.

The foregoing acts and omissions, singularly or in any combination, constitute negligence and were the proximate cause of the injuries to Plaintiff.

### H. GROSS NEGLIGENCE

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

Defendants Swenson and Paul Transportation's acts and/or omissions described above, when viewed objectively from the standpoint of the actor at the time of their occurrence, involves an extreme degree of risk (considering the probability and magnitude of the potential harm to others) and of which the actors have actual, subjective awareness of but failed to take appropriate measures to prevent against entitling Plaintiff to exemplary damages.

## DAMAGES

As a result of the actions and/or omissions enumerated above, Plaintiff has suffered damages. Specifically, Plaintiff has suffered:

a. Actual Damages

b. Medical bills and expenses in the past and in all reasonable probability, medical bills and expenses in the future;

c. Physical Pain and suffering in the past and in all reasonable probability, pain and suffering in the future;

d. Mental Anguish in the past and in all reasonable probability, mental anguish in the future;

e. Impairment in the past and in all reasonable probability, impairment in the future

*Plaintiff Iranzad Original Petition*

f. Disfigurement in the past and in all reasonable probability, disfigurement in the future

The negligence of Defendant Swenson proximately caused the collision made the basis of this lawsuit, and the injuries and damages to Plaintiff complained of herein.

## PRAYER AND JURY DEMAND

1. Plaintiffs demand as follows:

    a. Judgment against Defendants, jointly and severally, in an amount that will compensate him for the damages alleged above, which amounts each exceed the minimum jurisdictional limits of this Court;

    b. Trial by jury;

    c. His costs expended in this action and any and all other relief to which he proves himself entitled.

Respectfully submitted,

**MATHIAS RAPHAEL PLLC**
13101 Preston Road, Suite 501
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Damon@mrlaw.co
Ori@mrlaw.co
Ashley@mrlaw.co

BY:_____
Ori Raphael
Texas Bar No. 24088273
Damon Mathias
Texas Bar No.: 24080170
Ashley Goldman

*Plaintiff Iranzad Original Petition*

                              Texas Bar No. 24123704

                              **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney represents that this foregoing document was served upon all counsel of record via e-service on April 24, 2022.

Bush + Ramirez
William J. Collins, III
Federal Bar No. 3441
SBN: 04621500
5615 Kirby Drive, Suite 900
Houston, Texas 77005
wcollins@bushramirez.com
www.bushramirez.com
832-264-2100 - Cell
713.626.1555 – Main
713.622.8077 – Fax
**Attorney for Defendants**

                              BY:   */s/ Ashley Goldman*
                                       Ashley Goldman